Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

**Kenneth M. CARPENTER, Petitioner,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent.**

No. 96–902.

United States Court of Veterans Appeals.

Dec. 6, 1996.

### ORDER

PER CURIAM.

The petitioner, Kenneth M. Carpenter, has filed a petition for extraordinary relief in the nature of mandamus. The petition seeks an order from this Court compelling the Secretary to (1) recognize a present attorney-client relationship with the veteran, William E. Giles; (2) disclose any rating actions or actions taken by the Secretary relating to the veteran since August 23, 1993; (3) pay the petitioner 20% of the past-due benefits of any award made to the veteran; and (4) show cause why the actions of the Secretary should not be subject to sanctions by this Court for ethical violations of the ABA MODEL RULES OF PROFESSIONAL CONDUCT (MODEL RULES).

On September 20, 1993, the petitioner and the veteran executed a power of attorney

and an attorney-client fee contract. The petitioner was retained to represent the veteran before this Court in his prior appeal and before the Board of Veterans' Appeals (Board). The fee contract stated, "Client may discharge Attorney at any time." It is conceded that the veteran subsequently attempted to discharge the petitioner, and that he executed a second power of attorney, designating the Veterans of Foreign Wars (VFW) as his representative. The petitioner contends that the veteran is incompetent to revoke his power of attorney. In support of this argument, he states, in part, that the veteran was found not guilty by reason of insanity on a criminal charge in the state of Louisiana, and has been continuously committed to a state facility for the past ten years. VA has not made any determination with regard to the veteran's competency, and no guardian has been appointed.

The petitioner asserts that he is required to act as a de facto guardian, pursuant to Rule 1.14 of the MODEL RULES. *See* Rule 1.14 cmt. 2 (where a client who is under a disability "has no guardian or legal representative, the lawyer often must act as de facto guardian"); *see also* U.S.VET.APP.R.ADMIS. & PRAC. 1(b) (adopting MODEL RULES as applicable to conduct of persons admitted to practice before this Court). Preliminarily, the Court notes that there is an inconsistency in the argument that the veteran entered into a legally binding contract with the petitioner, yet lacked the capacity to discharge him and to execute a second power of attorney with VFW. The Court holds that the language from Comment 2 of Rule 1.14, *supra*, must be read in the context of Rule 1.16 of the MODEL RULES. That Rule provides that, except when ordered to do so by a tribunal, "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if ... the lawyer is discharged." Rule 1.16(a). Withdrawal is particularly appropriate in a case such as this, where the veteran has obtained other representation. Certainly there is no reason to believe that the VFW will not ably and competently represent the veteran.

 With regard to payment of any past-due benefits to which the petitioner may be entitled as a result of work performed during his representation of the veteran, the record contains a December 8, 1993, letter addressed to the petitioner and signed by the Counsel to the Chairman of the Board, which states in part:

> "If an award of past-due benefits is made, the regional office will pay 80 percent of the past-due benefits to the claimant promptly and will withhold 20 percent of the past-due benefits. That office will then send the case to the [Board] for a decision on whether your fee for services before VA should be paid from past-due benefits."

We trust that the petitioner will be duly notified if an award of past-due benefits is made.

Under these circumstances, the Court holds that the petitioner has not shown that he is entitled to the relief sought. *See Erspamer v. Derwinski*, 1 Vet.App. 3, 9 (1990).

In view of the foregoing, it is

ORDERED that the petition for extraordinary relief is DENIED.